**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| K.J.B.M., Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1111-CDL-AGH<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, Respondent. | : | |

**ORDER**

On August 14, 2026, Amanda Margarita Medina Vargas filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of Petitioner, who is detained at Stewart Detention Center in Lumpkin, Georgia. The petition is signed only by Ms. Medina Vargas, who claims next friend standing. Pet. 4, ECF No. 1. Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden*, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*,

495 U.S. 149, 163 (1990)). The Court regularly receives signed *pro se* applications from detainees at Stewart Detention Center, and Ms. Medina Vargas provides no explanation of Petitioner's circumstances that would differentiate him from the other detainees.

Therefore, in order for this matter to proceed, Ms. Medina Vargas must either provide additional information for why she should be allowed to proceed as next friend for Petitioner or the Court must receive an application for habeas relief signed by Petitioner personally.[1] The Clerk is directed to provide the appropriate standard habeas form for this purpose. The Clerk is further directed to mail a copy of this Order and standard habeas form to both Ms. Medina Vargas and to Petitioner. Petitioner shall have twenty-one (21) days to comply with this order. Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 18th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[1] The Court strongly encourages Petitioner to retain counsel. If Petitioner is financially unable to obtain counsel, he should request that the Court appoint an attorney for him and provide information about his financial situation so that the Court consider that in its determination as to whether he should be appointed counsel.